No. 2161.—JOHN T. MICHEL *v.* SHERIFF PARISH OF ORLEANS, et al.

A motion to dismiss an appeal will not be entertained if the documents offered to prove a voluntary execution of the judgment show·that the right to a devolutive appeal is reserved.

In this case a horse was in the possession of the sheriff under a sequestration issued at the suit of Ware & Son *v.* Wilson, in the Second Judicial District Court, parish of Jefferson. Burnett intervened and claimed a privilege on the horse. The sheriff, with the consent of the intervenor, transferred the horse to a livery stable in New Orleans for safe keeping. The suit of Ware & Son was, by consent, transferred to the Sixth District Court, parish of Orleans. While this suit was pending and the horse under seizure, the intervenor brought a separate action in the Fifth District Court, parish of Orleans, and obtained judgment on default, on which he caused the horse to be seized. Held—That the intervenor, having consented to the transfer of the horse to New Orleans by the sheriff, and having caused a second seizure to be made while he was still a party to the suit in which the first seizure was made, he could not question the validity of the possession of the sheriff under the first seizure and all that he could effect by his execution, was to levy on the property in the possession of the sheriff, subject to the first seizure.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Brice & Mitchel* and *W. S. Scott*, for plaintiff and appellee. *Semmes & Mott* for defendant and appellant.

HOWELL, J. The defendants have appealed from a judgment maintaining an injunction and staying the sale of a certain horse under execution in the suit of J. J. Burnett *v.* J. G. Wilson.

The motion to dismiss can not prevail, because, if we can properly look into the documents offered to prove the voluntary execution of the judgment, we find among them the written consent of both parties that the action taken by Burnett, one of the appellants, should not prejudice the right to a devolutive appeal.

On the merits, the material facts are, that the plaintiff, as sheriff of the parish of Jefferson, had possession of the horse in question, sequestered in the suit of Ware & Son *v.* J. G. Wilson, instituted in the District Court for the parish of Jefferson, in which suit Burnett, the real defendant in this suit, intervened, claiming a privilege on and

pledge of said animal. The suit was transferred, by consent of all parties, to the Sixth District Court in New Orleans. While pending in Jefferson, the sheriff, for the better care and greater safety of the property, as stated by him, transferred it to a livery stable in New Orleans, after which Burnett, while his intervention in the suit of Ware & Son v. Wilson was still pending, brought suit in the Fifth District Court for the parish of Orleans against Wilson on the same cause of action, obtained judgment on default, and upon Wilson's waiving the delay for appeal caused the horse to be seized under his execution. When he instituted this suit and caused this seizure to be made, he was still a party to the suit of Ware & Son v. Wilson, and knew of the contest going on therein in regard to the legal possession by the sheriff of this horse, and whether or not the said sheriff rendered said horse liable to seizure by *third persons* by sending him out of his bailiwick, Burnett, who had voluntarily made himself a party and claimed a right upon the animal in the possession of the sheriff by virtue of a writ of sequestration, could not disregard that possession. And further, the evidence leads us to believe that it was with the consent of Burnett that the horse was sent by the sheriff of Jefferson to the city of New Orleans, to be there kept for the latter, as it seems to have been their wish, as well probably of others, that the horse should be exhibited at a fair in New Orleans, and they were all willing to take the risk of such unusual proceedings. We conclude that, as to the parties to this action, the sheriff of Jefferson had the legal possession of the horse in question, at the time the defendant, Burnett, caused the seizure to be made under his execution, and the most he could do, in any event, was to levy his seizure in the hands of the said sheriff. In this view, the judgment of the court *a qua* is correct.

Judgment affirmed.